1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11   GABRIELLA FRANCESCA GRECO          Case No.:  21cv155-GPC(MSB)
     D.O.; KENNETH WARREN LARUE,
12                                      **ORDER RE MOTION TO VACATE**
                              Plaintiff, **ORDER GRANTING JOINT**
13                                      **MOTION TO DISMISS WITH**
     v.                                 **PREJUDICE**
14
     MATTHEW TODD AHERN D.O.;           **[Dkt. No. 66.]**
15   STEVEN MICHAEL KURIYAMA M.D.;
     DANIEL KIM CHO, M.D.; SARAH
16   JEAN McMURRAY, D.O.; ENCINITAS
     HOSPITALIST ASSOCIATES, A
17   MEDICAL GROUP, INC.; SCOTT
     ALAN EISMAN, M.D.; KEVIN DANIEL
18   SHAW, M.D.; ANDREW YI-TZU
     HSING, M.D.; MARISA M. MAGANA,
19   M.D.; COASTAL PULMONARY
     ASSOCIATES; OANA M. MISCHIU,
20   M.D.; TIMOTHY J. CORBIN, M.D.;
     SCRIPPS MERCY PHYSICIAN
21   PARTNERS, A MEDICAL
     CORPORATION; INEZ E. ROZAR, RN;
22   ELENOR N. HIMAYA, RN; SCRIPPS
     HEALTH dba SCRIPPS MEMORIAL
23   HOSPITAL ENCINITAS; and DOES 1
     through 30, Inclusive,
24
                             Defendant.
25

26

27

28

Before the Court is Plaintiff Gabriella Francesca Greco, D.O.'s ("Plaintiff") motion to vacate, pursuant to Federal Rule of Civil Procedure ("Rule") 60(b), the order granting joint motion to dismiss with prejudice and withdrawing the notice of stipulation of the parties to dismiss the entire case with prejudice.  (Dkt. No. 66.)  Defendants Scripps Health d/b/a Scripps Memorial Hospital Encinitas, Inez E. Rozar, R.N., and Elenor N. Himaya, R.N. ("Scripps Defendants") filed an opposition.  (Dkt. No. 69.)  Defendants Timothy Corbin, M.D.; Scott Eisman, M.D.; Andrew Hsing, M.D.; Kevin Shaw, M.D.; Marisa Magana, M.D.; Daniel Cho, M.D.; Sarah McMurray, D.O.; Encinitas Hospitalists Associates, Inc.; and Coastal Pulmonary Associates and Acute Care Associates, Inc. ("Physician Defendants") filed a notice of joinder in Scripps Defendants' opposition. (Dkt. No. 70.)  Defendants Matthew Todd Ahern, D.O.; Krista Mason, N.P; and Encinitas Emergency Medicine, Inc. also filed a notice of joinder in Scripps Defendants' opposition.  (Dkt. No. 71.)  Plaintiff filed a reply on October 29, 2021.  (Dkt. No. 72.) On November 2, 2021, Scripps Defendants filed an objection to the new evidence Plaintiff submitted in support of her reply.  (Dkt. No. 73.)  The other Defendants joined in Scripps Defendants' objection.  (Dkt. Nos. 74, 75.)  Plaintiff filed a motion to strike Defendant's objection.  (Dkt. No. 77.)

## Background

On June 1, 2021, Plaintiff and Kenneth Warren La Rue ("Mr. La Rue"), husband and wife, filed a first amended complaint against a number of medical professionals and medical groups for professional negligence, medical battery, false imprisonment, loss of consortium and bystander emotional distress.  (Dkt. No. 34, FAC[1])

Because Plaintiff sought damages for mental and emotional injuries for her claims, on April 16, 2021 all Defendants asked her to execute authorizations for the release of certain mental health and psychiatric records from her prior providers.  (Dkt. No. 69-3,

---

[1] The original complaint was filed on January 27, 2021.  (Dkt. No. 1, Compl.)

Low Decl., Ex. B.)  Four months later on August 4, 2021, Plaintiff's counsel served defense counsel with a proposed stipulated protective order concerning the signed document release authorizations with an "Attorneys' Eyes Only" designation.  (Dkt. No. 69-4, Low Decl., Ex. C.)  Defendants objected to the "Attorneys' Eyes Only" designation; therefore, a discovery conference was held on August 16, 2021 before Magistrate Judge Michael S. Berg.  (Dkt. No. 58.)  After the hearing and on the same day, the Magistrate Judge's chambers emailed the parties informing them that Magistrate Judge Berg ruled that the "Confidential-Attorneys' Eyes Only" designations should be dropped and directed the parties to file a final version of the protective order.  (Dkt. No. 69-5, Low Decl., Ex. D.)  That day, the parties submitted a joint motion for entry of stipulated protective order which the Magistrate Judge granted on August 17, 2021.  (Dkt. Nos. 59-60.)  The Order provided that, "**By the end of business day on August 17, 2021, Plaintiffs shall execute and deliver the previously served confidential record authorizations to respective Defendants**."  (Dkt. No. 60 at 2[2] (emphasis in original).)

On August 17, 2021, Plaintiff's counsel telephoned Scripps Defendants' counsel stating that Plaintiffs were prepared to voluntarily dismiss the case with prejudice as long as defense counsel agreed not to provide copies of records already obtained to counsel for the co-defendants.  (Dkt. No. 69-1, Low Decl. ¶ 7.)  Counsel for Scripps Defendants indicated that he could not accept the proposal because he had agreed with other defense counsel to gather and share relevant records in order to avoid duplication of efforts.  (*Id.*)  Later that day, Plaintiff's counsel called back and informed Scripps Defendants' counsel that instead of providing the court-ordered authorizations by day's end, Plaintiffs would agree to dismiss the entire case with prejudice with a waiver of costs by Defendants.  (*Id.*)  During the conversation, Scripps Defendants' counsel accepted the offer and sent an email correspondence to all counsel confirming full and final resolution of the action

---

[2] Page numbers are based on the CM/ECF pagination.

on August 17, 2021.  (Dkt. No. 69-6, Low Decl., Ex. E.)   On August 18, 2021, the parties filed a "notice and stipulation of the parties to dismiss the entire case with prejudice."  (Dkt. No. 61.)  The stipulation states, "IT IS HEREBY STIPULATED by and between the parties to this action through their designated counsel that the above-captioned action be and hereby is dismissed with prejudice pursuant to FRCP 41(a)(1)." (*Id.*)  On August 19, 2021, the Court granted the joint motion to dismiss with prejudice pursuant to Rule 41(a)(1).  (Dkt. No. 62.)

On August 19, 2021, Plaintiff emailed Scripps Defendants' counsel stating that she was no longer represented by counsel and requested a call to discuss "the dismissal of the case."  (Dkt. No. 69-7, Low Decl., Ex. F.)  Counsel responded on August 20, 2021 stating that under the situation, he did not wish to speaker to her directly and confirmed that all efforts to serve subpoenas or otherwise obtain copies of her records from all sources were suspended and all records previously obtained were deleted.  (Dkt. No. 69-8, Low Decl., Ex. G.)  Later that day, Plaintiff responded writing, "Thank you sir. But this does not address the subpoenas already served. There needs to be an affirmative effort by your copy service to notify each and every recipient of a served subpoena to instruct them to not respond. The lawsuit has ended and your firm has no authority to continue to obtain my or my husband's personal information. Failure to immediately quash and recall all outstanding subpoenas in light of the dismissal of the lawsuit is abuse of your subpoena powers."  (Dkt. No. 69-9, Low Decl., Ex. H.)

On August 23, 2021, Plaintiff sent another email to counsel for Scripps Defendants after having contacted three entities that received subpoenas and none of them were informed that the subpoenas had been cancelled and recalled.  (Dkt. No. 69-10, Low Decl., Ex. I.)  She then "deman[ed] a list of ALL subpoenas that were sent out and proof that [counsel] affirmatively acted to recall each and every subpoena."  (*Id.*)  She then claimed that she was bullied into dismissing her case.  (*Id.*)  She also stated that she was no longer represented by Attorney Hart.  (*Id.*)  That same day, counsel responded informing Plaintiff that he notified his copy service the prior week that the case had been

dismissed and to stop all efforts to obtain copies of her records.  (Dkt. No. 69-11, Low Decl., Ex. J.)

On August 25, 2021, Scripps Defendants' counsel received a voicemail from Mr. Brown of the Lake County State's Attorney's Office, the former employer of Mr. La Rue. (Dkt. No. 69-12, Low Decl., Ex. K.)  Mr. Brown stated that Mr. La Rue informed him that the lawsuit had settled and was calling counsel just to confirm the settlement and that the subpoena materials were no longer needed.  (*Id.*)

On August 26, 2021, Plaintiff emailed Scripps Defendants' counsel inquiring as to the agreement for the cost waiver and noting it was not included in the stipulation or the order granting joint motion to dismiss.  (Dkt. No. 69-13, Low Decl., Ex. L.)  She further reiterated that she did not agree to the dismissal with prejudice and was not aware of the stipulation.  (*Id.*)  She wrote, "[i]n fact, I had communicated to Attorney Hart on Thursday, August 12, 2021 to 'stop communicating with Scripps or anyone else on this case about me. Period… You are done with this case.'  He promised that he would substitute me in the next day. Then I was told I was going to have to wait for the substitution until 'next week.'"  (*Id.*)

In her reply, Plaintiff presents a declaration asserting that she terminated her counsel on August 12, 2021 through a text message and attaches a copy of the screenshot of her text message to her counsel.  (Dkt. No. 72-1, Greco Decl. ¶ 4; *id.*, Ex. A.)  She also states that, on August 13, 2021, she left a message with the secretary for Scripps Defendants' counsel informing him that she was representing herself and did not know what her attorney was doing.  (*Id.* ¶ 5.)  Counsel for Scripps Defendants did not call her back.  (*Id.*)

On September 3, 2021, Plaintiff filed an ex parte request to substitute in as a pro per plaintiff in place of her attorney, Hoyt E. Hart II.  (Dkt. No. 63.)  On September 7, 2021, the Court granted the request for substitution.  (Dkt. No. 64.)  On September 17, 2021, Plaintiff filed the instant motion to vacate the order granting joint motion to

dismiss with prejudice and withdraw the notice and stipulation of the parties to dismiss the case with prejudice which is fully briefed.  (Dkt, Nos. 66, 69-75.)

**Discussion**

Plaintiff[3] moves to vacate under Rule 60(b)(1) and Rule 60(b)(6) arguing that she did not consent to the filing of the dismissal with prejudice, did not settle the matter with any of the Defendants or sign a settlement agreement, and seeks to vacate the prior order to prevent manifest injustice.  (Dkt. No. 66.)  She claims that she was not aware that her counsel agreed to the joint dismissal of the case with prejudice.  (Dkt. No. 66-1 at 6.)  This circumstance, she claims, is extraordinary, unusual and extreme justifying relief under Rule 60(b).

In response, all Defendants argue that Plaintiff has "buyer's remorse" and wants to renege on the terms of the dismissal she agreed to.  (Dkt. No. 69.)  They claim she clearly assented to the terms of the parties' stipulation and took affirmative steps afterwards to make sure Defendants were in compliance.  (*Id.* at 4.)  Moreover, Plaintiff is bound by the actions of her former attorney and any alleged attorney malpractice is not a basis to set aside a judgment under Rule 60(b).  In reply, Plaintiff argues that she terminated her attorney on August 12, 2021; therefore, he had no authority to consent to dismissal of the case.  (Dkt. No. 72.)

**A      Federal Rule of Civil Procedure 60(b)**

Rule 60(b)(1) provides that the "the court may relieve a party . . .  from a final judgment, order or proceeding" for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Rule 60(b)(6) provides that "the court may relieve a party . . . from a final judgment, order or proceeding" for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

---

[3] Plaintiff Mr. La Rue does not move to vacate the dismissal order.

"As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey v. Albertson's, Inc.,* 362 F.3d 1254, 1260 (9th Cir. 2004). However, a claim that an attorney lacked authority to agree to a settlement is a ground for relief under Rule 60(b). *Surety Ins. Co. of Cal. v. Williams,* 729 F.2d 581, 582 (8th Cir. 1984); *Harrop v. W. Airlines, Inc.,* 550 F.2d 1143 (9th Cir. 1977) (Rule 60(b) relief may be available when an attorney enters into a settlement agreement without the express permission of the client); *Smith v. Widman Trucking & Excavating, Inc.,* 627 F.2d 792 (7th Cir. 1980) ("a consent judgment shown to have been entered without express authority from the client or without the client's actual consent may be the subject of Rule 60(b) relief.") "Although an attorney is presumed to possess authority to act on behalf of the client, 'a judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry.'" *Surety Ins. Co.,* 729 F.2d at 582-83 (citing *Bradford Exchange v. Trein's Exchange*, 600 F.2d 99, 102 (7th Cir. 1979) *(per curiam); Thomas v. Colorado Trust Deed Funds, Inc*., 366 F.2d 136, 139 (10th Cir. 1966)). In *Surety*, the court vacated the district court's order denying Rule 60(b) relief and remanded the case to the district court for an "evidentiary hearing to determine whether or not the Williamses' attorney possessed actual, implied, or apparent authority to consent to the judgment." *Id.* at 583.

Similarly, in *Harrop*, the district court denied the plaintiff's Rule 60(b) motion to vacate the order dismissing the case. *Harrop*, 550 F.2d at 1144. The Ninth Circuit remanded the case to the district court for further inquiry because there was no showing that "the plaintiffs had agreed to the settlement, or that the attorneys had authority to settle the suit and dismiss the action,." *Id.*

In another case involving a similar issue, the defendant sought to enforce a stipulation and order for dismissal while the plaintiff argued that his counsel did not have authority to dismiss the case. *Zogheib v. U.S. Bancorp*., No. 2:05–CV–1354 JCM (LRL), 2007 WL 1612145, at *1 (D. Nev. June 1, 2007). After an evidentiary hearing, the

district court ultimately found that the plaintiff's explanation lacked credibility.  *Id.* at *1, 4.  These cases demonstrate that where there is a claim that an attorney acted to settle or dismiss a case without the consent of the client, further inquiry is necessary to determine the plaintiff has provided "affirmative proof that the attorney had no right to consent to its entry."  *See Surety Ins. Co.*, 729 F.2d at 582-82.

Here, based on the record presented, there are disputed facts as well as an absence of facts concerning Mr. Hoyt's role and actions during this case.  In the objection, Defendants seek an order that Plaintiff has waived the attorney-client privilege and the opportunity to conduct discovery regarding Plaintiff's communications with her former counsel.  (Dkt. No. 73.)  The Court agrees that additional discovery is necessary to provide a fuller understanding of what transpired.  Thus, the Court REFERS this matter to the Magistrate Judge for a report and recommendation on whether Plaintiff's motion to vacate should be granted.  The Magistrate Judge shall address any attorney-client privilege issues, any discovery necessary to resolve this question, and conduct an evidentiary hearing, if necessary.[4]

The hearing set on **November 19, 2021** shall be vacated.

IT IS SO ORDERED.

Dated:  November 16, 2021

Hon. Gonzalo P. Curiel
United States District Judge

---

[4] Based on the ruling, the Court DENIES Plaintiff's motion to strike the objection.