1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELLA FRANCESCA GRECO D.O., et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>MATTHEW TODD AHERN D.O., et al.,<br><br>                              Defendants. | Case No.:  3:21-cv-00155-RBM-MSB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION TO VACATE**<br><br>**[Docs. 66, 87]** |

On June 8, 2022, Magistrate Judge Michael S. Berg issued a thorough and thoughtful Report and Recommendation ("R&R") recommending that Plaintiff Gabriella Francesca Greco's ("Plaintiff") motion to vacate (*see* Doc. 66) be denied.  (Doc. 87.)  Plaintiff filed an objection to the R&R.  (Doc. 88.)  All Defendants filed replies to Plaintiff's objection, arguing the R&R be adopted in full.  (Docs. 89, 90, 91.)

For the reasons discussed below, the R&R (Doc. 87) is **ADOPTED** and the motion to vacate (Doc. 66) is **DENIED**.

## I.      BACKGROUND

On June 1, 2021, Plaintiff and Kenneth Warren La Rue ("Mr. La Rue"), husband and wife, filed a first amended complaint against several medical professionals and medical groups for professional negligence, medical battery, false imprisonment, loss of

1

consortium, and bystander emotional distress.  (*See* Doc. 34.)  As relevant here, due to the medical nature of Plaintiff's claims in this action, on April 16, 2021 Defendants requested Plaintiff sign authorizations for the release of her medical records.  (Doc. 69-1.)  Four months later, on August 4, 2021, Plaintiff's counsel e-mailed Defendants a proposed Stipulated Protective Order "[i]n preparation for providing signed document release authorizations," which contained an "Attorney's-Eyes-Only" designation.  (Doc. 69-4.) Defendants objected to the designation, *see* Doc. 57, and the Court scheduled a discovery conference to address the parties' dispute regarding the authorizations.  (Doc. 57.)

On August 16, 2021, Judge Berg held a discovery conference with the parties regarding the dispute over the terms of the protective order and the authorizations.  (Doc. 58.)  The parties filed a joint motion for protective order later that day.  (Doc. 59.)  On August 17, 2021, the Court granted the parties' motion for protective order.  (Doc. 60.) The Court specifically ordered the following: "**By the end of business day on August 17, 2021, Plaintiffs shall execute and deliver the previously served confidential record authorizations to respective Defendants.**"  (*Id.* at 2) (emphasis in original).

On August 18, 2021, the parties to this action jointly moved by stipulation to dismiss the action with prejudice.  (Doc. 61.)[1]  On August 19, 2021, District Judge Gonzalo P. Curiel granted the parties' joint motion pursuant to Federal Rule of Civil Procedure 41(a)(1) (the "August 19 Order").  (Doc. 62.)  On September 3, 2021, Plaintiff filed an ex

---

[1] On August 17, 2021, the day before the parties filed the joint stipulation to dismiss with prejudice, William Low, counsel for Defendants Scripps Health d/b/a Scripps Memorial Hospital Encinitas, Inez E. Rozar, R.N., and Elenor N. Mihaya, R.N., sent an email to counsel for all parties, writing in relevant part:  "I have now spoken with each of you and understand we have now reached a full and final settlement of the entire case.  Plaintiffs have agreed to dismiss this case with prejudice in exchange for a waiver of costs by all defendants.  In light of this settlement, I recommend we agree to (1) freeze any and all outstanding discovery requests, (2) relieve Hoyt of his obligation to provide us with the signed authorizations for release of records due today and also (3) agree to destroy any records we have obtained on Dr. Greco or her husband."  (Doc. 69-6 at 2.)

parte motion for substitution of attorney, seeking to replace her attorney, Hoyt Elvin Hart ("Hart") and represent herself pro se.  (Doc. 63.)  Judge Curiel granted the motion for substitution on September 7, 2021.  (Doc. 64.)

On September 17, 2021, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6) to vacate the Court's August 19 Order dismissing the action with prejudice.  (Doc. 66.)[2]  Plaintiff alleged she "did not consent to the filing of the dismissal with prejudice, nor did she settle this matter with any of the defendants or sign a settlement agreement."  (*Id*. at 2.)  Defendants Scripps Health d/b/a Scripps Memorial Hospital Encinitas ("Scripps"), Inez E. Rozar, R.N., and Elenor N. Mihaya, R.N. (the "Scripps Defendants") filed an opposition to Plaintiff's motion to vacate on October 15, 2021. (Doc. 69.)  Defendants Timothy Corbin, M.D., Scott Eisman, M.D., Andrew Hsing, M.D., Kevin Shaw, M.D., Marisa Magana, M.D., Daniel Cho, M.D., Sarah Mcmurray, D.O., Encinitas Hospitalists Associates, Inc., Coastal Pulmonary Associates and Acute Care Associates, Inc. (the "Physician Defendants") also filed an opposition to Plaintiff's motion to vacate on October 15, 2021. (Doc. 70.)  Defendants Matthew Todd Ahern, D.O., Krista Mason, NP, and Encinitas Emergency Medicine, Inc. ("Joining Defendants") filed a notice of joinder on October 15, 2021, signing on to the Scripps Defendants' opposition. (Doc. 71.)  Plaintiff filed a reply brief in support of her motion on October 29, 2021 (Doc. 72), and the Scripps Defendants filed an objection to new evidence submitted by Plaintiff in her reply brief on November 2, 2021.  (Doc. 73.)  The Joining Defendants and the Physician Defendants joined in the Scripps Defendants' objection. (Docs. 74, 75.)  Plaintiff filed a motion to strike the Scripps Defendants' objection to her reply brief on November 12, 2021.  (Doc. 77.)

---

[2] Kenneth Warren La Rue, Plaintiff's husband and a former plaintiff in this suit, did not join in Plaintiff's motion to vacate the order dismissing the suit with prejudice.  (*See* Doc. 66.)  Accordingly, Mr. La Rue's claims against all Defendants remain dismissed with prejudice.

3:21-cv-00155-RBM-MSB

On November 16, 2021, Judge Curiel issued an order regarding Plaintiff's motion to vacate. (Doc. 78.) Judge Curiel found that "there are disputed facts as well as an absence of facts concerning Mr. [Hart]'s role and actions during this case," and that additional discovery was necessary to determine the merits of Plaintiff's motion. (*Id*. at 8.) Judge Curiel referred the matter to the Honorable Magistrate Judge Michael S. Berg for a R&R on whether the motion to vacate should be granted. (*Id*.) Judge Berg was also to "address any attorney-client privilege issues, any discovery necessary to resolve this question, and conduct an evidentiary hearing, if necessary." (*Id*.) Judge Berg held an evidentiary hearing on February 4, 2022. (Doc. 84.) Plaintiff, counsel for all Defendants, and Plaintiff's former counsel, Hart, each attended the evidentiary hearing. (*See* Doc. 87.) This action was transferred to the undersigned judge on April 12, 2022. (Doc. 86.)

Judge Berg issued a R&R on Plaintiff's motion to vacate on June 8, 2022, recommending that the motion to vacate be denied. (*See* Doc. 87.) Plaintiff filed an objection to the R&R on June 29, 2022. (Doc. 88.) The Scripps Defendants filed a reply to Plaintiff's objection on July 7, 2022, in which the other Defendants joined, asking this Court to adopt the R&R in full. (Docs. 89, 90, 91.)

## II.   LEGAL STANDARD

A district judge "may accept, reject, or modify the recommended decision" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. FED. R. CIV. P. 72(b); *see* 28 U.S.C. § 636(b)(1); *see also* CivLR 72.1. "The court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in the original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id*. (citation omitted).

/ / /

### III.   DISCUSSION

Plaintiff objects to Judge Berg's finding that Plaintiff ratified the terms of the settlement by accepting its benefits.  (Doc. 87 at 23–26; Doc. 88 at 1.)  Specifically, Plaintiff appears to argue that while Plaintiff may have ratified "the intent to dismiss" the lawsuit, she did not ratify the settlement insofar as Plaintiff's claims were dismissed *with prejudice*.  (Doc. 88 at 1) ("[N]one of the enumerated items cited by Magistrate Berg addressed the 'with prejudice' term and GRECO immediately repudiated the entire settlement when she first discovered the 'with prejudice' term.").  Plaintiff argues "the fact that GRECO immediately repudiated the settlement means there was no ratification."  (*Id.* at 5–6.)  Defendants argue Plaintiff did ratify the dismissal of her claims with prejudice, because "Ms. Greco's immediate response was not to object (as she falsely claims in her Objection), but rather to take numerous steps to ratify that dismissal and ensure that the Scripps Defendants ceased all efforts to obtain her medical records in light of the dismissal [of] the case."  (Doc. 89 at 2) (internal quotation marks omitted).  Defendants argue the R&R should be adopted in full.  (*Id.*)  Accordingly, the Court will review de novo the Magistrate Judge's finding that Plaintiff ratified the dismissal with prejudice.  *Reyna–Tapia*, 328 F.3d at 1121.

It is well-established that "unauthorized acts of an attorney may be binding upon his client through ratification."  *Blanton v. Womancare, Inc.*, 696 P.2d 645, 653 (Cal. 1985) (citing *Fidelity & Cas. Co. of N.Y. v. Abraham*, 161 P.2d 689, 693 (Cal. Dist. Ct. App. 1945)); *see also Hess v. Hanneman*, No. 14-cv-2271-CAB-JMA, 2017 WL 6027015, at *5 (S.D. Cal. Dec. 4, 2017) ("A client may, however, bind himself to the unauthorized acts of his attorney by ratifying them.").  "After all, a principal may not both receive the advantages of an agreement and escape its burdens by later repudiation: 'it would be unfair to allow him both to have his cake and eat it too.'"  *Hess*, 2017 WL 6027015, at *5 (quoting *Alvarado Cmty. Hosp. v. Superior Court*, 219 Cal. Rptr. 52, 54 (Cal. Ct. App. 1985)); *see also Madani v. Cnty. of Santa Clara*, No. 16-CV-07026-LHK, 2019 WL 402362, at *11 (N.D. Cal. Jan. 31, 2019).  The California Court of Appeal has held that "a client cannot

5

both accept the benefits of her lawyer's negotiated settlement and continue to sue the settling defendant." *Alvarado*, 219 Cal. Rptr. at 53.

Here, the record evidence demonstrates Plaintiff ratified the terms of the parties' settlement by accepting the benefits of the dismissal with prejudice.  Plaintiff claims the "[u]ndisputed evidence presented herein was that GRECO immediately repudiated the unauthorized dismissal with prejudice as soon as it was discovered." (Doc. 88 at 4.)  The Court disagrees.  Plaintiff's actions immediately following the parties' filing of the stipulated dismissal with prejudice were to *enforce* the terms of the settlement, not repudiate them:

1. On August 18, 2021, the parties filed a "Notice and Stipulation of the Parties to Dismiss Entire Case with Prejudice." (Doc. 61.)  The notice of dismissal stated as follows: "IT IS HEREBY STIPULATED by and between the parties to this action through their designated counsel that the above-captioned action be and hereby is dismissed with prejudice pursuant to FRCP 41(a)(1)." (*Id*. at 2.)  Hart signed the stipulation on behalf of Plaintiff, and counsel for all Defendants signed as well.  (*Id*.)

2. Judge Curiel granted the parties' joint stipulation of dismissal with prejudice one day later, on August 19, 2021.  (Doc. 62.)

3. That same day, on August 19, Plaintiff emailed the Scripps Defendants' counsel, advising that she was no longer represented by counsel and requesting a call to discuss "*the dismissal of the case*." (Doc. 69-7 at 2) (emphasis added).

4. On August 20, counsel for the Scripps Defendants emailed Plaintiff, and alerted Plaintiff that Defendants' counsel had "notified our copy service to suspend all efforts to serve subpoenas or otherwise obtain copies of your records (from any and all sources)." (Doc. 69-8 at 2.)  Counsel for the Scripps Defendants further alerted Plaintiff that Defendants were "beginning the process of deleting from our server all of the third party records we obtained on you and your husband thus far." (*Id*.)

5. Plaintiff responded later that day on August 20, writing: "But this does not address the subpoenas already served.  There needs to be an affirmative effort by your copy service to notify each and every recipient of a served subpoena to instruct them to not respond.  *The lawsuit has ended* and your firm has no authority to continue to obtain my or my husband's personal information.  Failure to immediately quash and recall all outstanding subpoenas *in light of the dismissal of the lawsuit* is abuse of your subpoena powers."  (Doc. 69-9 at 2) (emphases added).  Plaintiff also requested "a comprehensive list of the entities that received subpoenas from your law firm and whether the entity responded with records or if not, the deadline for the response.  For the entities that responded, please send sworn certification that the records you received have been completely deleted from your server and from your copy service's servers."  (*Id.*)

6. Three days later, on August 23, despite having been notified by Defendants' counsel on August 20 that all subpoena efforts had been suspended, Plaintiff "demand[ed] a list of ALL subpoenas that were sent out and proof that you have affirmatively acted to recall each and every subpoena."  (Doc. 69-10 at 2.) Plaintiff wrote: "I have contacted three entities to which your copy service sent subpoenas.  NONE of of [sic] them have been informed that the subpoenas have been cancelled and recalled.  These entities are still intending to respond until they receive 'something in writing from the organization that requested these documents from us.'  I am sure there are more entities who have responded *since the dismissal of the case*."  (*Id.*) (emphasis added).  Plaintiff claimed Defendants' counsel "was incapable of defending the case on the merits so you bullied me into dismissing the case."  (*Id.*)  Counsel for the Scripps Defendants responded to Plaintiff that same day, writing: "I notified our copy service late last week that the case had been dismissed and to stop all efforts to secure copies of your records.  I also asked them to notify the various providers and let them know to

7

stop all efforts to gather your records.  I will have my staff follow up with them to make sure this is accomplished." (Doc. 69-11 at 2.)

7. On August 25, counsel for the Scripps Defendants received a voicemail from the Lake County State's Attorney's Office, which stated in part: "Mr. LaRue is no longer employed here.  I did reach out to him and um . . . *he indicated that the lawsuit was settled*.  Um . . . there was a subpoena that was uh . . . issued uh . . . for this matter and I just wanted to confirm that it is uh . . .  the lawsuit settled and that this material is not needed." (Doc. 69-12 at 2) (emphasis added).

8. On August 26, Plaintiff again emailed counsel for the Scripps Defendants, indicating (for the first time) that she did not agree to the dismissal: "I am in receipt of the Dismissal Order and the Stipulation to dismiss the case with prejudice but do not see that the Order or the Stipulation mention a cost waiver. Attorney Hart said that an agreement existed for the cost waiver.  Please send me a copy of the agreement you entered into with Attorney Hoyt Hart regarding the cost waiver.  I did not 'agree' to this dismissal with prejudice.  I was not aware of what the parties were stipulating.  There were errors made in this exchange. In fact, I had communicated to Attorney Hart on Thursday, August 12, 2021 to 'stop communicating with Scripps or anyone else on this case about me.  Period . . .  You are done with this case.' He promised that he would substitute me in the next day.  Then I was told I was going to have to wait for the substitution until 'next week.'" (Doc. 69-13 at 2.)  Counsel for Defendants replied to Plaintiff later that day (Doc. 69-14), and Plaintiff indicated the following day, on August 27, that she would be filing a motion to vacate the dismissal.  (Doc. 69-15.)

The record evidence makes clear that in the days following the Court's order granting the joint stipulation of dismissal, Plaintiff's primary concern was ensuring Defendants' counsel would, "in light of the dismissal of the lawsuit," "notify each and every recipient of a served subpoena to instruct them to not respond" because "[t]he lawsuit

has ended." (Doc. 69-9 at 2.) Plaintiff sent multiple emails to Defendants' counsel requiring the "recall" of all outstanding subpoenas. (Docs. 69-9, 69-10.) Plaintiff herself admitted to contacting various third parties who had received subpoenas from Defendants, informing them that the case had been dismissed and the subpoenas had been cancelled. (Doc. 69-10.) According to the voicemail received by Defendants' counsel from one of those third parties, Mr. La Rue was similarly telling subpoena recipients that "the lawsuit was settled." (Doc. 69-12.) Further, Plaintiff demanded "sworn certification" that Defendants' counsel, and Defendants' copy service, deleted all files relevant to Plaintiff or her husband from their servers. (Doc. 69-9 at 2.) Plaintiff was repeatedly assured by Defendants' counsel that their copy service had been alerted the case was dismissed and was instructed to stop all efforts to gather Plaintiff's medical records from the subpoenaed parties. (Docs. 69-8, 69-11.) Plaintiff was also alerted that Defendants were "beginning the process of deleting from our server all of the third party records we obtained on you and your husband thus far." (Doc. 69-8 at 2.)

Plaintiff clearly ratified the parties' settlement by accepting one of the agreement's primary benefits: relieving her of the obligation to "execute and deliver the previously served confidential record authorizations to respective Defendants" by the end of the day on August 17, 2021. (Doc. 60 at 2) (emphasis omitted). Neither Plaintiff, nor Hart, ever delivered the authorizations to Defendants; instead, the parties filed the joint stipulation of dismissal with prejudice, and Plaintiff subsequently relied on that dismissal in ensuring Defendants halted all efforts to obtain or retain Plaintiff's medical records. *See Hess*, 2017 WL 6027015, at *5 (finding "circumstantial evidence of ratification, as Plaintiff cannot receive the advantage of a settlement (a vacated trial date) and escape its burden by later repudiating it"); *Goldie v. Caliber Home Loans, Inc.*, No. 2:16-CV-00962-KJM-DB, 2018 WL 4659576, at *9 (E.D. Cal. Sept. 28, 2018) ("[Plaintiff] cannot disclaim his counsel's authority to enter into the settlement agreement, retain every benefit of the parties' agreement, but refuse to abide by that agreement and proceed with this suit."); *Navrides v. Zurich Ins. Co.*, 488 P.2d 637, 641 (Cal. 1971) (noting "the elementary rule of agency law

9

that a principal is not allowed to ratify the unauthorized acts of an agent to the extent that they are beneficial, and disavow them to the extent that they are damaging.  If a principal ratifies part of a transaction, he is deemed to ratify the whole of it.").  The same applies here:  Plaintiff cannot accept the benefit of shielding her medical records from disclosure, and ensure such records were destroyed from counsels' records, while also claiming that the dismissal with prejudice should be vacated.

Plaintiff's reliance on *Blanton v. Womancare, Inc.*, 696 P.2d 645 (Cal. 1985) is misplaced.  In that case, the California Supreme Court found plaintiff had not ratified a binding arbitration agreement entered into via her counsel, where, "[i]mmediately upon learning of the arbitration agreement[,] plaintiff fired her attorney and engaged new counsel to set it aside."  (*Id*. at 653.)  Plaintiff claims in her objection to the R&R that she learned the case was dismissed "with prejudice" only on August 26, and that she immediately contacted Defendants' counsel at that time.  (Doc. 88 at 5) ("GRECO discovered the 'with prejudice' term on August 26th, and repudiated it on August 27th.").  That assertion is belied by Plaintiff's sworn declaration submitted exactly eight months prior to her R&R objection, which states: "On August 19, 2021, I learned about the case being dismissed *with prejudice*."  (Doc. 72-1 ¶ 6) (emphasis added); *see also id*. ¶ 7 ("Attached as Exhibit B is a true and accurate copy of the August 19, 2021 5:14 pm central time email that I wrote to Attorney Low *upon learning that my case was dismissed with prejudice*.") (emphasis added).  The record is clear that Plaintiff did not "repudiate" the joint stipulation of dismissal; rather, she relied on its terms in ensuring her (and her husband's) records would be protected from disclosure.

## IV.    CONCLUSION

As the Report and Recommendation fully and properly analyzed Plaintiff's claims, the Court hereby **ADOPTS** the Report and Recommendation (Doc. 87) in full.  Plaintiff's

motion to vacate (Doc. 66) is **DENIED**.[3]

       **IT IS SO ORDERED.**

DATE:  September 22, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3] As Judge Berg discusses in the R&R, "Greco appears to ask the Court to sanction 'Defendants' attorneys for violating the Stipulated Protective Order by including in Attorney William[] Low's Declaration as Exhibit A, Plaintiff's entire 34-page Verified Response to Scripps Defendants' Form Interrogatories.'"  (Doc. 87 at 26) (citing Doc. 72 at 6).  Judge Berg recommends, given the procedural posture of the case, restricting access to Docket Number 69-2 and denying Plaintiff's apparent motion for sanctions.  (Id.)  The Court agrees, and hereby directs the Clerk of Court to **RESTRICT ACCESS** to Docket Number 69-2 to Court personnel and case participants only.